### KENNETT v. HOPKINS et al.

(Supreme Court, Appellate Division, First Department. May 5, 1899.)

1. PARTNERSHIP—ACCOUNTING—BUSINESS CARRIED ON IN ANOTHER STATE.

Partners carried on business in New York and Chicago under the same name, but in an action by the partner in charge of the Chicago office against the partner in charge of the New York office for an accounting it was disputed whether there were two separate firms,—one in Chicago and the other in New York. The accounts had been kept separate, and a receiver was appointed for the New York business only; and, the firm having been voluntarily dissolved, the Chicago partner proceeded to liquidate that part of the business situated there. *Held*, that he would not be restrained by a court of New York from selling the Chicago assets at public auction, and required to deliver them to the New York receiver.

2. SAME—SALE OF ASSETS.

In an action for a partnership accounting, one of the partners, who holds securities purchased with funds of the firm, under a claim that he has a lien thereon for advances to the firm, and who has refused to turn them over to a receiver, will not be permitted to sell such securities under the direction of the receiver, in the absence of proof that an immediate sale is desirable, where the question as to his right to the securities is then being tried before a referee.

Appeal from special term, New York county.

Action by Francis J. Kennett against George B. Hopkins and another for an accounting. From an order refusing to enjoin plaintiff from disposing of certain assets of the firm of Kennett, Hopkins & Co., and refusing to permit defendant Hopkins to sell certain other property of the firm, defendants appeal. Affirmed.

For former opinion, see 45 N. Y. Supp. 797.

Argued before VAN BRUNT, P. J., and BARRETT, RUMSEY, McLAUGHLIN, and INGRAHAM, JJ.

S. Sidney Smith, for appellants.
Thorndike Saunders, for respondent.

INGRAHAM, J. The pleadings are not before the court on this appeal; but from the statements contained in the moving affidavits it would appear that the action was brought for an accounting between the partners of a co-partnership engaged in the business of brokers in stock and grain in the city of New York, and that the complaint alleged that another firm, composed of the plaintiff, the defendant Hopkins, and certain other persons, was carrying on a similar business in Chicago under the same firm name. The New York house held stocks and other securities of the estimated value of $180,000, which had been purchased for the Chicago firm, and which the plaintiff alleged had been fully paid for and were the property of the Chicago firm. The defendant alleged that there was but one firm doing business in the city of New York and Chicago, that the plaintiff and defendant were the only persons interested in the assets of such firm, and that the other persons described as partners were simply profit sharers, and not partners. An injunction was granted in this action, restraining the defendant from disposing of the property of the said firm; and subsequently an order was entered appointing a receiver of the co-partnership

assets, accounts, and other property of the late co-partnership mentioned in the pleading. The receiver demanded from the defendant George B. Hopkins the securities purchased by order of the Chicago firm, as being the property of that firm; but he refused to deliver them to the receiver, claiming that he had a lien upon such securities for money advanced by him. Upon application to the court, an order was made whereby a reference was ordered to determine whether the defendant had any lien or claim upon such securities. The referee reported that the defendant Hopkins had made advances on account of the said firm of Kennett, Hopkins & Co. to the amount of $235,756.84, and that the defendant has an equitable lien on all of the assets of the firm of Kennett, Hopkins & Co. to secure that amount; and that report was confirmed by the court. The case then came on for trial at special term, and an interlocutory judgment was entered referring the action to a referee to take and state the accounts of the firm of Kennett, Hopkins & Co. in the city of New York. The referee was also empowered to take and state and adjust the accounts of Kennett and Hopkins in the Chicago business and the assets, so that such amounts may be properly considered and applied in reaching the ultimate amount which Kennett or Hopkins should receive from either or from the assets of the New York business; reserving the question of injunction and costs to the final judgment. This accounting proceeded before a referee, and the case when this motion was made was ready for final submission to the referee. In the meantime, the plaintiff had sent notice to the defendant that he proposed to sell at public auction in the city of Chicago certain open accounts and assets of the Chicago firm; whereupon the defendant made this motion to enjoin the plaintiff from selling such assets and for an order directing the plaintiff to transfer to the receiver appointed in this action all assets of the Chicago firm, and also that the defendant should have leave to sell, under the direction of the receiver, the assets of the New York firm upon which he had a lien. The special term denied this motion, and from this order the defendant appeals.

We think this motion was properly denied. It is quite evident from the order appointing the receiver that he was appointed receiver of the New York assets only. No attempt to administer the assets of the Chicago firm was made by the receiver, and it does not seem to have been claimed that he was properly entitled to administer them. The accounts of these two firms have been kept separate, their business was entirely separate, and it would appear that the plaintiff had substantially finished the liquidation of the Chicago firm. The interlocutory judgment did not attempt to administer the assets of the Chicago firm, and it would seem to be impossible for the courts of this state to properly superintend the liquidation of a firm whose assets are in Chicago, whose business is there, and whose principal firm assets appear to be accounts against people doing business in Chicago. While an accounting as to the liabilities of the parties as to each other in relation to the Chicago firm is necessary to the proper liquidation of the accounts

of the New York firm, such an accounting was evidently directed as merely incidental to the complete settlement of the accounts between the parties as members of the New York firm. It is a little difficult to see how such an accounting could be had, unless some disposition is made of these open accounts, which it is alleged are uncollectible, and the sale of the other assets of that firm. But certainly the court here is not in a position to pass intelligently upon the liquidation of the Chicago business; and, if judicial action is necessary, application should be made to the courts of Illinois.

As to the sale of the securities held by the defendant, we agree with the court below, as the case has been substantially tried, it was proper for the court to postpone that sale until the determination by the referee of the question as to the right of the defendant to hold these securities as security for the moneys he had advanced to the Chicago and New York firms. It is not made to appear that it is necessary that these securities should be sold at once; and the settlement of the accounts between the parties will determine the right of the defendant to have these securities, and just what amount, if any, is due to him for which he is entitled to hold them.

The order appealed from should therefore be affirmed, with $10 costs and disbursements, with leave to the defendant to renew his motion for the sale of the securities in his possession upon the coming in and confirmation of the referee's report upon the accounting. All concur.